■ In the Matter of ANTHONY RUSH, Petitioner, v NORMAN MORDUE et al., Respondents.—Petition unanimously granted,

without costs, in accordance with the following memorandum: In this CPLR article 78 proceeding, petitioner seeks an order from this court prohibiting the County Court Judge and the District Attorney from proceeding to trial on an indictment accusing petitioner of perjury. He claims that the court is without jurisdiction because he had been granted immunity from prosecution by reason of his testimony before a Grand Jury.

Petitioner had given a statement to the police stating that he had seen Lucas Bouges shoot Leroy Johnson. When called to testify before a Grand Jury investigating the shooting, he was shown his sworn statement. In response to questions, he replied that he had lied in his statement and that he had not witnessed the shooting. Subsequently, he was accused of perjury in an indictment pursuant to Penal Law § 210.10 alleging that he swore falsely either in his statement to the police or in testimony before the Grand Jury.

Petitioner's claim of immunity from prosecution under the indictment is properly asserted in this proceeding (see, Matter of Carey v Kitson, 93 AD2d 50, lv denied 60 NY2d 553), and because of the transactional immunity granted to petitioner when he gave evidence before the Grand Jury, we order that respondents be prohibited from proceeding under the indictment.

Under CPL 190.40 (2), petitioner has been granted immunity from prosecution for any offense concerning which he gave testimony before the Grand Jury. CPL 50.10 (1) expressly provides that a person who possesses immunity may nevertheless be prosecuted for perjury "as a result of having given false testimony in [a] legal proceeding", but it does not provide for prosecution, in disregard of a grant of immunity, for perjury committed outside of a legal proceeding. Thus, although petitioner may be prosecuted for perjury committed before the Grand Jury, he may not be prosecuted for perjury resulting from the sworn statement to the police.

Under the indictment, the jury would not be called upon to determine on which occasion petitioner committed perjury; any guilty verdict would be based on the jury's determination that, because of the inconsistent statements, petitioner must have committed perjury either on one occasion or the other. Since petitioner is immune from prosecution for, and thus cannot be found guilty of, perjury on one of the occasions, the indictment is fatally defective and the court is without jurisdiction to try him thereunder. Should the District Attorney deem it advisable, he may resubmit the matter, seeking an

indictment for perjury committed before the Grand Jury. (Article 78.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.